IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| FRED A. SCHMITT, ) | |
| NANCY K. SCHMITT, ) | Bankruptcy No. 09-02238 |
| ) | |
| Debtors. ) | |

**ORDER RE: MOTION FOR HARDSHIP DISCHARGE (DOC. 50);
MOTION TO DISMISS CASE (DOC. 43)**

This matter came before the undersigned for hearing on October 18, 2011. Attorney Derek N.W. Hong appeared for Debtors Fred and Nancy Schmitt. Attorney Stephanie J. Wright appeared for the United States on behalf of the Department of Education. Carol F. Dunbar appeared as the Chapter 13 Trustee. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

**STATEMENT OF THE CASE**

Trustee moved to dismiss the case asserting Debtors are delinquent in making plan payments. Debtors request a hardship discharge. The U.S. Department of Education objects to the extent Debtors intend to include student loan debt in their discharge.

**FINDINGS OF FACT**

Debtors filed their Chapter 13 petition on August 5, 2009. Their Plan was confirmed on September 29, 2009. To date, Debtors have paid $36,812.04 under the Plan, and unsecured creditors have been paid 18.54% of their claims. Debtors had been paying $1,725 per month under the plan, but several months' delinquencies led Trustee to file a Motion to Dismiss. Debtors owned $2,945 in non-exempt property at the Chapter 13 petition date, which is what unsecured creditors would have received in a Chapter 7 liquidation.

Fred Schmitt was involuntarily terminated from his job as a Sr. Project Engineer at Rockwell Collins in January 2011. This reduced Debtors' monthly income by $5,585. Mr. Schmitt's $1,435 monthly unemployment benefits were expected to end in September 2011. Debtors have reduced their expenses and took a 401K distribution of more than $17,000, which is now exhausted, to pay expenses and plan payments. Mr. Schmitt has been unable to find another job and Debtors have been informed that Wells Fargo intends to foreclose on their home.

Debtors assert they have no disposable income to make further plan payments. Debtors' Motion includes revised Schedules I and J which show a negative monthly net income of -$659.00, with unemployment compensation income of $1,435 per month included.

## CONCLUSIONS OF LAW

Debtors seek a hardship discharge under 11 U.S.C. § 1328(b). The Bankruptcy Court, in its discretion, may grant or deny a hardship discharge in Chapter 13, after confirmation of the plan, where the debtors have not completed payments and:

> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
>
> (3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b); In re Spencer, 301 B.R. 730, 733 (B.A.P. 8th Cir. 2003). The debtors bear the burden of proof, and must satisfy the court on all three elements of § 1328(b). Spencer, 301 B.R. at 733. Subsection (2) requires that the Chapter 13 payments completed at least equal the amount unsecured creditors would have

2

received in a Chapter 7 liquidation.  In re Griffin, 352 B.R. 475, 479 (B.A.P. 8th Cir. 2006).

Section 1328(c)(2) provides that a hardship discharge granted under § 1328(b) discharges the debtors from all unsecured debts provided for by the plan, except any debt of a kind specified in § 523(a).  Spencer, 301 B.R. at 733 (noting most tax debts are included in § 523(a)(3)).  Student loans are included in § 523(a)(8) and are thus excepted from a Chapter 13 hardship discharge pursuant to § 1328(c)(2).  In addition, § 523(a) itself provides that "[a] discharge under section . . . 1328(b) of [the Code] does not discharge an individual debtor from" the debts described in § 523(a)'s enumerated paragraphs, such as student loans.  United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1379 n. 11 (2001) (noting that it was considering the non-hardship discharge provisions in § 1328(a)).

Older reported cases considering hardship discharge under § 1328(b) have found that the first prong of that section is not met unless there has been a catastrophic event impacting the debtors' ability to fund the plan.  In re Miller, 2006 WL 2711775, *3 (Bankr. N.D. Ohio Sep. 21, 2006).  More recent cases decline to impose that requirement which does not exist in the plain language of the statute. Id.  "The statute simply does not set the bar so high."  In re Grice, 319 B.R. 141, 146 (Bankr. E.D. Mich. 2004).

In In re Cummins, 266 B.R. 852, 855 (Bankr. N.D. Iowa 2001), this Court noted that courts have required catastrophic rather than merely economic circumstances under § 1328(b)(1).  The Court, however, focused on the temporary nature of the husband's disability and the wife's decision to be unemployed in denying the debtors a hardship discharge.  Id. at 857.  These factors led the Court to conclude that the debtors failed to prove they "should not justly be held accountable" for the circumstances which led to their inability to fund their Chapter 13 plan.  Id.

## ANALYSIS

Based on the record presented, the Court concludes Debtors are entitled to a hardship discharge under § 1328(b).  Neither Trustee nor the Department of Education object to a hardship discharge so long as student loans are not included in the discharge.  Debtors' revised Schedules I and J show Debtors are not able to

make monthly Chapter 13 plan payments. Unsecured creditors have already received substantially more in this case than they would have in a Chapter 7 liquidation.

As to the first prong of § 1328(b), Mr. Schmitt's termination from his employment is not a circumstance for which Debtors should justly be held accountable. He has attempted to gain employment without success. His unemployment benefits are running out. In the circumstances, Debtors have satisfied each of the three elements of § 1328(b) and granting a hardship discharge is appropriate. Student loans remain excepted from discharge under § 523(a)(8).

**WHEREFORE**, the Motion for Hardship Discharge is GRANTED. Debtors' student loan debt is not included in the hardship discharge.

**FURTHER**, Trustee's Motion to Dismiss is DENIED.

Dated and Entered: October 20, 2011

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

4